IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| ANDREW HILL, ) | | |
|     Plaintiff, ) | | |
| ) | | |
| vs. ) | No. 3:21-CV-1863-N (BH) | |
| ) | | |
| STATE OF TEXAS, ) | | |
|     Defendant. ) | Referred to U.S. Magistrate Judge[1] | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION**

Based on the relevant filings and applicable law, the plaintiff's claims against the State of Texas should be **DISMISSED WITHOUT PREJUDICE** as barred by sovereign immunity. Plaintiff's remaining claims should be **DISMISSED WITH PREJUDICE** under 28 U.S.C. § 1915(e)(2)(B) for failure to state a claim.

## I. BACKGROUND

Andrew Hill (Plaintiff), a Texas prisoner, sues the State of Texas. (*See* doc. 3.) He claims that his car has been stolen multiple times; other items, such as his glasses and a watch, were also stolen. (doc. 3 at 1.)[2] He mentions "Lassalle" police officers, but it is unclear whether he is claiming they were involved in the alleged theft. (*Id.*) He also says that a "Jack Bays" stole his money and other "material." (*Id.*) He complains that he has been overcharged for "autos" and has had to sleep outside and at homeless shelters. (*Id.*) An unidentified officer allegedly "put" a false charge on him when he was riding his bicycle at a gas station, which caused him to be "delayed from appointments, home, clothes, auto, food, also friends and family." (*Id.*)

---

[1] By *Special Order No.* 3-251, this *pro se* case has been automatically referred for full case management.

[2] Citations to the record refer to the CM/ECF system page number at the top of each page rather than the page numbers at the bottom of each filing.

Among other things, he also complains that he was subjected to a "hostile environment" around Arlington; the Texas Department of Public Safety overcharged him for an I.D. and let others use his identity; he was maced at the D.M.V.; the Secretary of State did not file non-profit status applications for his businesses; he was assaulted and injected with a fluid; he was unable to "file" an "auto incident"; the State used him to sell products and property and as a "military charity" but he got no income from this; and the Texas Attorney General did not help him with financial compensation. (docs. 9, 11.) Plaintiff also appears to allege that an unspecified officer used excessive force requiring him to go to the hospital to get medication. (doc. 12.) He seeks monetary damages. (doc. 8 at 4.)

## II.     PRELIMINARY SCREENING

Because Plaintiff has been permitted to proceed *in forma pauperis* (IFP), his complaint is subject to screening under 28 U.S.C. § 1915(e)(2)(B).[3] That statute provides for *sua sponte* dismissal of the complaint, or any portion thereof, if the Court finds it is frivolous or malicious, if it fails to state a claim upon which relief may be granted, or if it seeks monetary relief against a defendant who is immune from such relief.

A complaint is frivolous when it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Courts follow the same analysis in determining whether a complaint fails to state a claim under § 1915(e)(2)(B)(ii) as when ruling on a motion to dismiss under Rule 12(b)(6). *See Hale v. King*, 642 F.3d 492, 497 (5th Cir. 2011) (per curiam). A complaint fails to state a claim upon which relief may be granted when it fails to plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

---

[3] Though Plaintiff is currently incarcerated, it does not appear that he was when his filed this lawsuit, so the screening mandate in 28 U.S.C. § 1915A is inapplicable. *See Olivas v. Nevada ex rel. Dep't of Corr.*, 856 F.3d 1281, 1284 (9th Cir. 2017).

2

Neither mere "labels and conclusions" nor "a formulaic recitation of the elements of a cause of action" suffice to state a claim upon which relief may be granted. *Id.*

### III.    SECTION 1983

Because Plaintiff characterizes this case as involving a civil rights cause of action (doc. 3 at 2), and because some of his allegations relate to perceived police officer misconduct, Plaintiff's allegations are analyzed under 42 U.S.C. § 1983. It "provides a federal cause of action for the deprivation, under color of law, of a citizen's rights, privileges, or immunities secured by the Constitution and laws' of the United States." *Livadas v. Bradshaw*, 512 U.S. 107, 132 (1994). To state a § 1983 claim, Plaintiff must allege facts that show (1) he has been deprived of a right secured by the Constitution and laws of the United States and (2) the deprivation occurred under color of state law. *See Flagg Bros., Inc., v. Brooks*, 436 U.S. 149, 155 (1978); *Cornish v. Corr. Servs. Corp.*, 402 F.3d 545, 549 (5th Cir. 2005).

### A. Eleventh Amendment Immunity

Plaintiff sues the State of Texas for monetary damages. (doc. 3 at 1; doc. 8 at 4.[4]) The Eleventh Amendment states that "[t]he judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State." This withdrawal of jurisdiction effectively confers an immunity from suit." *P.R. Aqueduct & Sewer Auth. v. Metcalf & Eddy, Inc.*, 506 U.S. 139, 144 (1993). Therefore, "an unconsenting State is immune from suits brought in federal courts by her own citizens as well as by citizens of another State." *Edelman v. Jordan*, 415 U.S. 651, 663 (1974). Although Congress has the power to abrogate that immunity

---

[4] Plaintiff's responses to a magistrate judge's questionnaire are an amendment to his pleadings. *See Macias v. Raul A. (Unknown), Badge No. 153*, 23 F.3d 94, 97 (5th Cir. 1994).

3

through the Fourteenth Amendment, *Kimel v. Fla. Bd. of Regents*, 528 U.S. 62, 72-76 (2000), and the State may waive its immunity by consenting to suit, *AT&T Communic'ns v. BellSouth Telecomms. Inc.*, 238 F.3d 636, 643 (5th Cir. 2001), the State has not waived its immunity by consenting to suit, nor has Congress abrogated the Eleventh Amendment immunity by enacting 42 U.S.C. § 1983. *See Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989).

The Eleventh Amendment bars Plaintiff's claims for monetary damages against the State of Texas, and those claims should be dismissed without prejudice.[5] *See Warnock v. Pecos Cnty., Tex.*, 88 F.3d 341, 343 (5th Cir. 1996) ("Because sovereign immunity deprives the court of jurisdiction, the claims barred by sovereign immunity can be dismissed only under Rule 12(b)(1) and not with prejudice.").

**B. Failure to State a Claim**

Plaintiff only named the State of Texas as a defendant. (doc. 3 at 1.) He was given the chance to clarify whether he sought to sue other defendants, but he did not provide a substantive response. (doc. 8 at 2.) Even if his filings are liberally construed as asserting claims against defendants besides the State of Texas, he still fails to state a claim.

Under the broadest possible construction, the only arguably substantive allegations in Plaintiff's filings are that an officer falsely charged him with an unspecified offense, officers or

---

[5] This same immunity would apply to the extent that Plaintiff more specifically sought to sue a Texas agency such as the Texas Department of Public Safety, or to the extent that he sought to sue the Texas Secretary of State or Texas Attorney General in their official capacities, as the Eleventh Amendment "prohibits suits against state officials or agencies that are effectively suits against a state." *City of Austin v. Paxton*, 943 F.3d 993, 997 (5th Cir. 2019); *see also Taylor v. Seamans*, 640 F.Supp. 831, 833 (E.D. Tex. 1986) ("There is no question that the State of Texas and the Texas Department of Public Safety are entitled to immunity from this controversy under the doctrine of sovereign immunity as contained in the Eleventh Amendment to the Constitution of the United States of America."); *El Bay v. Dominguez*, 540 F.Supp.3d 653, 678 (N.D. Tex. 2020) ("The State of Texas and Texas Attorney General's Office fall squarely within even the narrowest parameters the Supreme Court has imposed on the Eleventh Amendment since 1796.") (citations omitted); *Ostrewich v. Tatum*, 72 F.4th 94, 100 (5th Cir. 2023) (Texas Secretary of State entitled to sovereign immunity from official-capacity claim).

other individuals stole some of his personal effects, and an officer used excessive force against him. (doc. 3 at 1; doc. 12.)

Regarding the alleged false charge, "to state a § 1983 claim for false arrest/false imprisonment, [Plaintiff] must plausibly allege that [the officer] 'did not have probable cause to arrest him.'" *Arnold v. Williams*, 979 F.3d 262, 269 (5th Cir. 2020) (quoting *Haggerty v. Tex. S. Univ.*, 391 F.3d 653, 655 (5th Cir. 2004)). "'[P]robable cause is a fluid concept—turning on the assessment of probabilities in particular factual contexts—not readily, or even usefully, reduced to a neat set of legal rules.'" *Fields v. City of South Houston*, 922 F.2d 1183, 1189 (5th Cir. 1991) (quoting *Illinois v. Gates*, 462 U.S. 213, 232 (1983)).

Plaintiff has not alleged any facts from which it may be plausibly determined that an officer lacked probable cause to arrest him, so any false arrest claim is meritless.

As for Plaintiff's theft allegations, it is unclear whether these allegations are directed at a state actor or whether there was any state action involved. The absence of such allegations is sufficient reason to dismiss any theft claim because § 1983 requires action under color of state law. *See Cinel v. Connick*, 15 F.3d 1338, 1342 (5th Cir. 1994).

Further, the Fifth Circuit has held, consistent with *Hudson v. Palmer*, 468 U.S. 517 (1984), that "plaintiffs seeking to redress intentional deprivations of property by state actors must assert such claims as state law tort claims." *Robertson v. Town of Farmerville*, 830 F.Supp.2d 183, 192 (W.D. La. 2011) (citing *Marshall v. Norwood*, 741 F.2d 761, 764 (5th Cir. 1984)). A claim for random and unauthorized intentional deprivation of property does not give rise to a violation of the Due Process Clause if the state provides an adequate post-deprivation remedy, which Texas does in the form of a recovery of monetary damages for loss of property taken without authorization. *See Jackson v. Stamps*, Civil Action No. 4:21-cv-769-SDJ-KPJ, 2023 WL 2672841,

at *4 (E.D. Tex. Mar. 3, 2023), *rec. accepted* 2023 WL 2666069 (E.D. Tex. Mar. 28, 2023) (citing *Franklin v. Hull*, No. 4:08-cv-377, 2009 WL 144502, at *2 (N.D. Tex. Jan. 21, 2009)) (further citations omitted). Any theft claim under § 1983 is meritless and should be dismissed.

Finally, Plaintiff alleges that an unidentified officer used excessive force against him.

To succeed on a Fourth Amendment excessive force claim under § 1983, a plaintiff must show "(1) an injury that (2) resulted directly and only from the use of force that was excessive to the need and that (3) the force used was objectively unreasonable." *Graham v. Connor*, 490 U.S. 386, 395 (1989); *see also Ontiveros v. City of Rosenberg*, 564 F.3d 379, 382 (5th Cir. 2009).

Here, Plaintiff only alleges in conclusory fashion that excessive force was used against him that caused an unspecified injury. He does not allege facts from which it may be determined that the force was excessive to the need for it, or that the force was objectively unreasonable. He has failed to plausibly state an excessive force claim and any such claim should be dismissed.

Finally, any claims other than those discussed above are so unintelligible that any plausible claim or theory of relief is impossible to ascertain, so he fails to state a claim.

## IV.   LEAVE TO AMEND

The Fifth Circuit is inclined to give *pro se* plaintiffs several opportunities to state a claim upon which relief can be granted. *See Scott v. Brynes*, No. 3:07-CV-1975-D, 2008 WL 398314, at *1 (N.D. Tex. Feb. 13, 2008); *Sims v. Tester*, No. 3:00-CV-0863-D, 2001 WL 627600, at *2 (N.D. Tex. Feb. 13, 2001). Courts therefore typically allow *pro se* plaintiffs an opportunity to amend their complaints when the action is to be dismissed pursuant to a court order. *See Robinette v. Merrill Lynch, Pierce, Fenner & Smith, Inc.*, No. 3:96-CV-2923-D, 2004 WL 789870, at *2 (N.D. Tex. Apr. 12, 2004); *Sims*, 2001 WL 627600, at *2.

Leave to amend is not necessary, however, where the plaintiff has already plead his best case. *See Wiggins v. La. State Univ.—Health Care Servs. Div.*, 710 F. App'x 625, 627 (5th Cir. 2017) (per curiam) (citations omitted). Here, Plaintiff responded to a detailed questionnaire. A verified questionnaire response allows a plaintiff to plead his or her best case and is a valid way for a *pro se* litigant to amend his complaint. *See Nixon v. Abbott*, 589 F. App'x 279 (5th Cir. 2015) (per curiam) ("Contrary to Nixon's argument, he was given the opportunity to amend his complaint in his responses to the magistrate judge's questionnaire, which has been recognized as an acceptable method for a pro se litigant to develop the factual basis for his complaint."). Because Plaintiff has plead his best case, leave to amend is neither necessary nor warranted. *See, e.g.*, *Duke v. Dallas Cty.*, No. 3:20-CV-117-G (BH), 2021 WL 3525106, at *3 (N.D. Tex. June 25, 2021), *rec. accepted*, 2021 WL 3204565 (N.D. Tex. July 29, 2021).

## V.   RECOMMENDATION

Plaintiff's claims against the State of Texas should be **DISMISSED WITHOUT PREJUDICE** as barred by sovereign immunity. Plaintiff's remaining claims should be **DISMISSED WITH PREJUDICE** under 28 U.S.C. § 1915(e)(2)(B) for failure to state a claim.

**SIGNED on October 3, 2023.**

_____
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

## INSTRUCTIONS FOR SERVICE AND
## NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of these findings, conclusions and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

_____
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE